## FRITZ FUNDERBURGH V. THE STATE.

No. 22016. Delivered March 25, 1942.
Rehearing Denied April 22, 1942.

The opinion states the case.

*Earl Shelton,* of Austin, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of burglary of a cafe in Austin, and by the jury given a penalty of two years in the penitentiary.

The facts are sufficient to show a burglary of the cafe, an entry being made by means of lifting a window, the only matter at controversy being the identification of appellant.

A witness, one Martinez, saw a person coming out of such burglarized premises, whom he afterwards identified as appellant, and he also saw parked near by a coupe whose number he took, which coupe was afterwards shown to belong to appellant.

There are but two bills of exceptions in the record. The first complains of the deputy sheriff, upon arresting appellant,

taking him into the presence of the witness Martinez and causing the appellant to walk some distance for the observation of the witness. It appears that this witness, in perceiving some one coming out of the window of the burglarized premises, pursued the burglar for some distance, shooting at him with bird shot, but eventually losing contact with the burglar. In an endeavor to have the witness Martinez scrutinize the appellant, it seems that the witness first looked at appellant and said "that's the man"; that he again observed him after appellant had walked in his presence, and he again said "that's the man, and that's the car." This conduct and testimony was objected to on the ground that it was compelling appellant to give testimony against himself.

It is apparent from the bill that appellant is objecting to the fact that the witness Paul Blair compelled appellant to walk in front of Martinez, the State's witness, and was not complaining of the testimony then given by Martinez after having observed the appellant walking. It is not shown in such bill that Martinez said anything after he had observed appellant's walk. Nowhere therein is it stated that Martinez thereafterwards identified appellant nor that he was aided in so doing by appellant being made to walk before him.

We also note that another officer, Dougherty, testified the same as officer Blair, and there was no objection to Dougherty's testimony. It is also noted that appellant himself testified that prior to the time he walked before Martinez, that the witness identified appellant as the man who was in the burglarized cafe, and we find no objection to the testimony of either Dougherty or appellant. Under these circumstances, we see no error evidenced by this bill.

Bill of exceptions No. 2 shows that appellant took the witness stand in his own behalf, and while on the stand he was asked the question if it was not a fact the State's witness Martinez had not at the examining trial for this offense identified this appellant as the person whom he had seen coming out of the burglarized premises. We suppose the bill meant "at the time of the burglary," but such last phrase is not found in the bill nor anything similar in import.

Appellant in his own testimony had shown that soon after his arrest he was taken to the house of Martinez by Deputy Sheriff Blair. The deputy stopped some distance from the place,

and went over and waked the witness up, and they stood there and talked some few minutes, and he saw them motioning around at this or that, and the Mexican was shaking his head, and when he came out there he said: "That's the man and that's the car."

This identification and this same testimony went into the record at other times by the witnesses unobjected to, and we do not think the further identification of appellant at the examining trial could have added to or taken from the positive belief in the identity of appellant, nor have influenced the jury in any way. The bill will be overruled.

There being no error shown in the record, the judgment is affirmed.

ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant's motion for rehearing is of a formal nature only. No specific challenge is made to our holding. Nothing new is presented or pointed out. .

We have, nevertheless, again examined the record and remain of the opinion that no reversible error is shown.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.